WEST INDIA SALES LIMITED, Appellant, *v.* LEONARD SCHMERER, Surviving Copartner Doing Business under the Name of LEONARD SCHMERER & COMPANY, et al., Respondents.

*Per Curiam.* This is the second appeal in this case. Upon a prior appeal we reversed an order directing summary judgment in favor of the plaintiff and remitted the case for a plenary trial (278 App. Div. 908). Upon the present trial the Trial Justice directed a verdict in favor of the defendants. We think that this was error.

The action is one for damages based on the defendants' anticipatory breach of a contract for the sale of a quantity of sugar. The defendants defend on the ground that the plaintiff was first in default by failure to furnish an irrevocable letter of credit as required by the agreement of the parties. The contract was silent as to when the letter of credit was to be supplied. We think, however, the contract must be construed to require that the letter of credit be furnished a reasonable time from the date of the contract, which date would also be a reasonable time before delivery of the sugar. It appears from the terms of the contract with respect to deliveries that if the plaintiff had given ten days' prior notice of vessel's readiness date, commencement of loading as late as July 22d would have enabled full performance by the defendants within the contract period at the minimum loading rate provided in the contract. It would seem, therefore, that an issue of fact was presented for the jury as to whether the letter of credit should have been furnished by July 5th, the date of the alleged repudiation by the defendants.

Plaintiff contends that it was ready, willing and able to establish the letter of credit by July 5th but that defendants clearly indicated that they would not deliver the sugar in accordance with the contract in any event, thus establishing a breach on defendants' part which excused plaintiff from uselessly establishing the letter of credit. Defendants, on the other hand, deny any such refusal to deliver the sugar and claim that on July 5th, as at all times, they told plaintiff they would deliver if the letter of credit was established, but plaintiff defaulted. This difference in the testimony presented a question of fact for the jury to decide which of the parties was first in default.

Before plaintiff can recover it must, of course, in addition to showing anticipatory breach by the defendants at a date prior to default on its part, show its own readiness and ability to perform.

We think that proper proof of the market value of the sugar specified in the contract, on June 14th to and including the other crucial subsequent dates involved, should be admitted.

The evidence offered by plaintiff of alleged contracts of resale of sugar in Japan by corporations said to be affiliated with plaintiff would be material only insofar as it might tend to support plaintiff's claimed ability to secure the required letter of credit upon the present contract.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

Peck, P. J., Dore, Callahan, Van Voorhis and Breitel, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.